1  Peter Kristofer Strojnik, State Bar No. 242728
   strojnik@skplaw.com
2  **THE STROJNIK FIRM LLC**
   **A LIMITED LIABILITY COMPANY**
3  Esplanade Center III, Suite 700
4  2415 East Camelback Road
   Phoenix, Arizona 85016
5  Telephone:  (602) 510-9409
6  Facsimile:   (602) 773-0370

7  Attorneys for Plaintiff THERESA BROOKE

8

9                    **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11

12  THERESA BROOKE, a married woman
    dealing with her sole and separate claim,          Case No:
13
14                    Plaintiff,                        **VERIFIED COMPLAINT**

15
16  vs.
17
    ARKAY PROPERTIES I LP, a California               (Jury Trial Demanded)
18  limited partnership dba Comfort Suites
    Vacaville,
19
20                    Defendant.

21        Plaintiff alleges:

22                              **PARTIES**

23        1.      Plaintiff Theresa Brooke is a married woman currently residing in Pinal

24  County, Arizona. Plaintiff is and, at all times relevant hereto, has been legally disabled,

25  confined to a wheel chair, and is therefore a member of a protected class under the

26  ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR

27  §§ 36.101 et seq., the California Unruh Civil Rights Act, California Civil Code § 51,

28

1    52, and the California Disabled Persons Act. Plaintiff ambulates with the aid of a

2    wheelchair due to the loss of a leg.

3           2.      Defendant, Arkay Properties I LP, owns and/or operates and does

4    business as the hotel, Comfort Suites Vacaville located at 191 Lawrence Drive,

5    Vacaville, California 95867. Defendant's hotel is a public accommodation pursuant to

6    42 U.S.C. § 12181(7)(A), which offers public lodging services.

7                                  **INTRODUCTION**

8           3.      Plaintiff Theresa Brooke brings this action against Defendant, alleging

9    violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et

10   seq., (the "ADA") and its implementing regulations, the California Unruh Civil Rights

11   Act ("Unruh"), California Civil Code §§51, 52, and the California Disabled Persons Act

12   ("DPA"), California Civil Code §§54-54.3.

13          4.      Plaintiff is a disabled woman confined to a wheelchair. She brings this

14   civil rights action against Defendant for failing to design, construct, and/or own or

15   operate hotel facilities that are fully accessible to, and independently usable by, disabled

16   people. Specifically, Defendant's hotel, which is a place of public accommodation, has

17   barriers to use of the swimming pool facilities. Defendant's swimming pool facilities do

18   not have acceptable means of entry for disabled persons, notwithstanding that such

19   modifications are readily achievable. Therefore, Plaintiff seeks a declaration that

20   Defendant's hotel violates federal law and an injunction requiring Defendant to install

21   means of access in compliance with ADA requirements so that the swimming pool

22   facilities are fully accessible to, and independently usable by, disabled individuals.

23   Plaintiff further requests that, given Defendant's historical failure to comply with the

24   ADA's mandate, the Court retain jurisdiction of this matter for a period to be

25   determined to ensure that Defendant comes into compliance with the relevant

26   requirements of the ADA, and to ensure that Defendant has adopted and is following an

27   institutional policy that will, in fact, cause Defendant to remain in compliance with the

28   law.

1      5.      In compliance with R10-3-405(H)(1), Plaintiff's address is c/o Peter

2  Kristofer Strojnik, her attorney, 2415 East Camelback, Suite 700, Phoenix, Arizona

3  85016.

## JURISDICTION AND VENUE

5      6.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42

6  U.S.C. § 12188. The Court has supplemental jurisdiction over the state law claims. 28

7  U.S.C. § 1367.

8      7.      Plaintiff's claims asserted herein arose in this judicial district and

9  Defendant does substantial business in this judicial district.

10     8.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c)

11  in that this is the judicial district in which a substantial part of the acts and omissions

12  giving rise to the claims occurred.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

14     9.      On July 26, 1990, President George H.W. Bush signed into law the ADA,

15  a comprehensive civil rights law prohibiting discrimination on the basis of disability.

16     10.     The ADA broadly protects the rights of individuals with disabilities in

17  employment, access to State and local government services, places of public

18  accommodation, transportation, and other important areas of American life.

19     11.     Title III of the ADA prohibits discrimination in the activities of places of

20  public accommodation and requires places of public accommodation to comply with

21  ADA standards and to be readily accessible, and independently usable by, individuals

22  with disabilities. 42 U.S.C. § 12181-89.

23     12.     On July 26, 1991, the Department of Justice ("DOJ") issued rules

24  implementing Title III of the ADA, which are codified at 28 CFR Part 36.

25     13.     Appendix A of the 1991 Title III regulations (republished as Appendix D

26  to 28 CFR part 36) contains the ADA standards for Accessible Design (1991

27  Standards), which were based upon the Americans with Disabilities Act Accessibility

28  Guidelines (1991 ADAAG) published by the Access Board on the same date.

1    14.    In 1994, the Access Board began the process of updating the 1991

2  ADAAG by establishing a committee composed of members of the design and

3  construction industries, the building code community, and State and local governmental

4  entities, as well as individuals with disabilities.

5    15.    In 1999, based largely on the report and recommendations of the advisory

6  committee, the Access Board issued a notice of proposed rulemaking to update and

7  revise its ADA and ABA Accessibility Guidelines.

8    16.    The Access Board issued final publication of revisions to the 1991

9  ADAAG on July 23, 2004 ("2004 ADAAG").

10    17.    On September 30, 2004, the DOJ issued an advanced notice of proposed

11  rulemaking to begin the process of adopting the 2004 ADAAG.

12    18.    On June 17, 2008, the DOJ published a notice of proposed rulemaking

13  covering Title III of the ADA.

14    19.    The long-contemplated revisions to the 1991 ADAAG culminated with

15  the DOJ's issuance of The 2010 Standards for Accessible Design ("2010 Standards").

16  The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010.

17  The 2010 Standards consist of the 2004 ADAAG and the requirements contained in

18  subpart D of 28 CFR part 36.[1]

19    20.    Notably, the lodging industry requested and received a number of

20  extensions of time before the mandatory requirements of Section 242.2 of the 2010

21  Standards, concerning access to pools, became effective. Notwithstanding, the industry

22  remains largely noncompliant with the requirements.

23

24

25

26

27
─────────────────
[1] Though the Effective Date of the 2010 Standards was March 15, 2011, the deadline for
28  existing pools to comply did not become effective until January 31, 2013, at which time
the 2010 Standards became enforceable through civil actions by private plaintiffs.

1

## CORRESPONDING STATE LAW STATUTES

2      21.    Unruh Civil Rights Act and the California Disabled Persons Act

3 incorporate ADA standards, so a "violation of the ADA also constitutes a violation of

4 both the Unruh Act and the DPA." *Californians for Disability Rights v. Mervyn's LLC*,

5 165 Cal. App. 4th 571, 586, 81 Cal. Rptr. 3d 144 (2008); *Molski v. M.J. Cable*, Inc., 481

6 F.3d 724, 731 (9th Cir. 2007).

7      22.    Unruh provides for injunctive relief, monetary damages in an amount not

8 less than $4,000.00, and for the recovery of attorney's fees and costs.

9      23.    The DPA provides for monetary damages in an amount not less than

10 $1,000.00 and for the recovery of attorney's fees and costs.

11

## ALLEGATIONS COMMON TO ALL COUNTS

12      24.    Plaintiff and her husband are avid travelers to California. She has been to

13 California numerous times over the past several months as an example. Due to

14 Plaintiff's many special needs, she requires the use of lodging rooms that are accessible

15 to her and have the standard accessibility features such as roll-in showers, adequate

16 spacing around the furniture in the lodging room, grab bars surrounding the toilet, and

17 other commonly-accepted accessibility features.

18      25.    In addition to Plaintiff having to rely on a wheelchair for locomotion due

19 her having only one leg, she also suffers from arthritic pain. While on trips with her

20 husband, she needs the use of the hotel swimming pool and Jacuzzi, as both help soothe

21 her arthritic pain. In fact, lack of access to a hotel's pool facilities is a non-starter for

22 her if she is to book a room.

23      26.    Without the presence of an ADA-compliant pool lift that is in position for

24 use, it is impossible for Plaintiff to enter a swimming pool or Jacuzzi.

25      27.    On or about August 4, 2017, Plaintiff was in Vacaville and went to

26 Defendant's hotel to book a room. Prior to booking the room, Plaintiff was allowed to

27 look at the indoor pool area to ensure that there was disability access for both the pool

28 and Jacuzzi to ensure she could utilize the pool facilities while lodging at Defendant's

5

1 | hotel. However, Plaintiff personally encountered and saw that there were no pool lifts

2 | or disability access at the hotel Jacuzzi and swimming pool. Consequently, Plaintiff was

3 | deterred from lodging at Defendant's hotel and decided to not book a room.

4 |      28.    Plaintiff has personal knowledge of a barrier related to her disability, that

5 | is, the swimming pool facilities at Defendant's hotel are inaccessible to her by virtue of

6 | her confinement to a wheel chair, and is currently deterred from returning to

7 | Defendant's accommodation by this accessibility barrier. Therefore, she has suffered an

8 | injury-in-fact for the purpose of her standing to bring this action.

9 |      29.    Without the presence of a fixed pool lift or other means of permitting

10 | Plaintiff equal access to Defendant's pool facilities, Plaintiff's disability prevents her

11 | from equal enjoyment as able-bodied persons have.

12 |      30.    Plaintiff has frequented the location of Defendant's hotel in the past and

13 | intends to travel there again in the near future for business or pleasure, including

14 | scheduled trips for September and November for the Bay Area.

15 |      31.    As a result of Defendant's non-compliance with the ADA, Plaintiff did

16 | not lodge at the hotel. However, notwithstanding the barriers at issue, Plaintiff will

17 | lodge at Defendant's hotel for one of her upcoming trips. It is anticipated that in the

18 | coming months Defendant will have removed the barriers complained of herein, which

19 | will provide Plaintiff with full and equal access for her planned trip.

20 |      32.    In violation of Section 242.2 of the 2010 ADA Standards, Defendant's

21 | swimming pool facilities have at least one barrier to entry.

22 |      33.    Upon information and belief, though Defendant has centralized policies

23 | regarding the management and operation of its hotel, Defendant does not have a plan or

24 | policy that is reasonably calculated to make its entire hotel fully accessible to and

25 | independently usable by, disabled people.

26 |      34.    As a disabled person, Plaintiff has a keen interest in whether public

27 | accommodations that offer public lodging services are fully accessible to, and

28 |

1    independently usable by, the disabled, specifically including an interest in ensuring that

2    pools and spas possess all of the features required by the 2010 Standards.

3          35.    Plaintiff and other disabled persons have been injured by Defendant's

4    discriminatory practices and failure to remove architectural barriers. These injuries

5    include being deterred from using Defendant's hotel due to the lack of access to the

6    pool facilities.

7          36.    Without injunctive relief, Plaintiff and others will continue to be unable to

8    independently use Defendant's hotel swimming pool facilities in violation of her rights

9    under the ADA.

10         37.    Other potential violations and barriers to entry at Defendant's hotel may

11   be discovered through an expert inspection of the hotel property pursuant to Rule 34. So

12   as to avoid piecemeal litigation to ensure full access to the entirety of the property at

13   issue, Plaintiff will amend her complaint to allege and all additional barriers discovered

14   during the Rule 34 inspection. *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008).

**FIRST CAUSE OF ACTION**
**(Violation of Title III the Americans with Disabilities Act)**

17         38.    Plaintiff incorporates all allegations heretofore set forth.

18         39.    Defendant has discriminated against Plaintiff and others in that it has

19   failed to make its public lodging services fully accessible to, and independently usable

20   by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and §

21   121282(b)(2)(iv) and Section 242.2 of the 2010 Standards, as described above.

22         40.    Defendant has discriminated against Plaintiff in that it has failed to

23   remove architectural barriers to make its lodging services fully accessible to, and

24   independently usable by individuals who are disabled in violation of 42 U.S.C.

25   §12182(b)(A)(iv) and Section 242.2 of the 2010 Standards, as described above.

26   Compliance with the requirements of section 242.2 of the 2010 Standards would neither

27   fundamentally alter the nature of Defendant's lodging services nor result in an undue

28   burden to Defendant.

1    41.    In violation of Section 242.2 of the 2010 Standards, Defendant's

2  swimming pool and/or spa as described above do not have at least one accessible means

3  of entry complying with Sections 1009.2 or 1009.3.

4    42.    Pursuant to Section 44 of the IRS Code, Defendant may be able to obtain

5  a tax credit and tax deduction where it complies with the ADA. *See generally* Dep't of

6  Justice, *Questions and Answers: Accessibility Requirements for Existing Swimming*

7  *Pools at Hotels and Other Public Accommodations* (Mar. 1, 2013)[2]. The tax credit is

8  available to businesses that have total revenues of $1,000.000 or less in the previous tax

9  year or 30 or fewer full-time employees. This credit can cover 50% of the eligible

10  access expenditures in a year up to $10,250 (maximum credit of $5,000).The tax credit

11  can be used to offset the cost of undertaking barrier removal and alterations to improve

12  accessibility. The tax deduction can be claimed for expenses incurred in barrier removal

13  and alterations. *Id*.

14    43.    Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and Section 242.2 of the

15  2010 Standards, as described above, is readily achievable by the Defendant due to the

16  low costs of installing a fixed pool lift or lifts. *Id*. Readily achievable means that

17  providing access is easily accomplishable without significant difficulty or expense.

18    44.    Conversely, the cessation of compliance with the ADA law is also readily

19  achievable by the removal of a fixed lift. Therefore, injunctive relief should issue

20  irrespective of Defendant's potential voluntary cessation pursuant to the Supreme

21  Court's announcement in *Friends of the Earth* case[3].

22

---

23  [2] http://www.ada.gov/qa_existingpools titleiii.htm

24  [3]  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 189, 120 S.Ct.

25  693, 145 L.Ed.2d 610 (2000):

26    It is well settled that a defendant's voluntary cessation of a challenged
     practice does not deprive a federal court of its power to determine the
27    legality of the practice. If it did, the courts would be compelled to leave the
     defendant free to return to his old ways. In accordance with this principle,
28    the standard we have announced for determining whether a case has been

1   45.   Defendant's conduct is ongoing, and, given that Defendant has never fully

2   complied with the ADA's requirements that public accommodations make lodging

3   services fully accessible to, and independently usable by, disabled individuals, Plaintiff

4   invokes her statutory right to declaratory and injunctive relief, as well as costs and

5   attorneys' fees.

6   46.   Without the requested injunctive relief, specifically including the request

7   that the Court retain jurisdiction of this matter for a period to be determined after the

8   Defendant certifies that it is fully in compliance with the mandatory requirements of the

9   ADA that are discussed above, Defendant's non-compliance with the ADA's

10   requirements that its pool facilities be fully accessible to, and independently useable by,

11   disabled people is likely to recur.

12   WHEREFORE, Plaintiff demands judgment against Defendant as follows:

13   a.   A Declaratory Judgment that at the commencement of this action

14       Defendant was in violation of the specific requirements of Title III of the

15       ADA described above, and the relevant implementing regulations of the

16       ADA, in that Defendant took no action that was reasonably calculated to

17       ensure that all of its pools were fully accessible to, and independently

18       usable by, disabled individuals;

19   b.   Irrespective of Defendants "voluntary cessation" of the ADA violation, if

20       applicable,  a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2)

21       and 28 CFR § 36.504(a) which directs Defendant to take all steps

22       necessary to bring its pools into full compliance with the requirements set

23       forth in the ADA, and its implementing regulations, so that the pools are

24

25

26   mooted by the defendant's voluntary conduct is stringent: A case might
     become moot if subsequent events made it absolutely clear that the
     allegedly wrongful behavior could not reasonably be expected to recur. The

27   heavy burden of persuading the court that the challenged conduct cannot
     reasonably be expected to start up again lies with the party asserting

28   mootness.

9

1    fully accessible to, and independently usable by, disabled individuals,

2    specifically including a pool lift as required by Sections 242.2 and 1009.2

3    of the 2010 Standards, and which further directs that the Court shall retain

4    jurisdiction for a period to be determined after Defendant certifies that its

5    pool is fully in compliance with the relevant requirements of the ADA to

6    ensure that Defendant has adopted and is following an institutional policy

7    that will in fact cause Defendant to remain fully in compliance with the

8    law;

9       c.    Irrespective of Defendants "voluntary cessation" of the ADA violation, if

10       applicable, payment of costs of suit;

11       d.    Irrespective of Defendants "voluntary cessation" of the ADA violation, if

12       applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28

13       CFR § 36.505 and other principles of law and equity and in compliance

14       with the "prevailing party" and "material alteration" of the parties'

15       relationship doctrines[4] in an amount no less than $3,500.00; and,

16       e.    Order closure of the Defendant's place of public accommodation until

17       Defendant has fully complied with the ADA; and

18       f.    The provision of whatever other relief the Court deems just, equitable and

19       appropriate.

20
## SECOND CAUSE OF ACTION
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**
21

22    47.    Plaintiff realleges all allegations heretofore set forth.

23    48.    Defendant has violated the Unruh by denying Plaintiff equal access to its

24    public accommodation on the basis of her disability as outlined above.

25

26

27
_____
[4] As applicable to ADA cases, see *Coppi v. City of Dana Point*, Case No. SACV 11-
28    1813 JGB (RNBx) (February, 2015)

49.     Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

50.     Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

51.     Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00.

52.     Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a.  A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

    b.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its pools into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the pools are fully accessible to, and independently usable by, disabled individuals, specifically including a pool lift as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its pool is fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

    c.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable , the payment of costs of suit; and

    d.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of attorneys' fees;

e.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

f.  For damages in an amount no less than $4,000.00; and

g.  The provision of whatever other relief the Court deems just, equitable and appropriate.

### THIRD CAUSE OF ACTION
**(Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)**

53.     Plaintiff realleges all allegations heretofore set forth.

54.     Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

55.     The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

56.     Plaintiff has been damaged by the Defendant's non-compliance with the DPA.

57.     Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

58.     Pursuant to the DPA, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.  A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its pools into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the pools are fully accessible to, and

independently usable by, disabled individuals, specifically including a pool lift as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its pool is fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

    c.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable , the payment of costs of suit; and

    d.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of attorneys' fees;

    e.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

    f.  For damages in an amount no less than $1,000.00; and

    g.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.


RESPECTFULLY SUBMITTED this 14th day of August, 2017.


                      **THE STROJNIK FIRM L.L.C.**



Peter Kristofer Strojnik (242728)
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Attorneys for Plaintiff

1

2

**VERIFICATION COMPLIANT WITH R10-3-405**

3     I declare under penalty of perjury that the foregoing is true and correct.

4     DATED this 14th day of August, 2017.

5

6

7

8     Theresa Brooke

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28